# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No.: 2:16-cr-0063-APG-PAL |
| Plaintiff, | |
| vs. | ORDER DENYING DEFENDANT'S APPEAL/OBJECTION TO DETENTION ORDER |
| VIRAB TOROSYAN, | |
| Defendant. | (ECF No. 23) |

Defendant Virab Torosyan was arrested based on a Criminal Complaint. ECF No. 1. An Indictment was subsequently issued charging him with three counts: conspiracy to commit bank fraud; trafficking in, production, and use of counterfeit access devices; and aggravated identity theft. ECF No. 13. Magistrate Judge Leen ordered Torosyan detained pending trial as a danger to the community. ECF No. 24. He now objects to and appeals from Magistrate Judge Leen's detention order. ECF No. 23. I have reviewed this matter *de novo*. For the reasons discussed below, I deny the appeal/objection and affirm Magistrate Judge Leen's order.

### A.    Legal Standard

A defendant may appeal an order of detention to the district court having original jurisdiction over the offense. 18 U.S.C. § 3145(b). The court reviews the Magistrate Judge's order *de novo*. *United States v. Koenig*, 912 F.2d 1190, 1192-93 (9th Cir.1990). The court "should review the evidence before the magistrate and make its own independent determination whether the magistrate's findings are correct, with no deference." *Id.* at 1193.

Under 18 U.S.C. § 3142(g) the court considers four factors in determining whether to detain or release a defendant: "(1) the nature and circumstances of the offense charged, including whether the offense is a crime of violence or involves a narcotic drug; (2) the weight of the evidence against the person; (3) the history and characteristics of the person; and (4) the nature

and seriousness of the danger to any person or the community should the person be released." *United States v. Chen*, 820 F. Supp. 1205, 1207 (N.D. Cal. 1992).

### B. Nature and Circumstances of Offense Charged

Torosyan is charged with three separate felony offenses, including conspiracy, production and use of counterfeit access devices, and aggravated identity theft. Although these charges do not involve drugs or guns, the allegations demonstrate an ability to manufacture counterfeit identity devices that could be used to quickly produce revenue and travel documents. Torosyan could more easily abscond than other criminal defendants. Moreover, Torosyan faces significant prison time if convicted on these charges. *See United States v. Parodi*, No. CR-08-0083 PJH, 2008 WL 683421, at *2 (N.D. Cal. Mar. 7, 2008) (a "defendant's financial condition and the length of sentence he or she faces are of particular importance in assessing the risk of flight"). This factor weighs against his release.

### C. Weight of Evidence Against Defendant

This factor "is the least important of the various factors." *United States v. Motamedi*, 767 F.2d 1403, 1408 (9th Cir. 1985). Thus, "[a]lthough the [bail reform] statute permits the court to consider the nature of the offense and the evidence of guilt, the statute neither requires nor permits a pretrial determination that the person is guilty." *Id*. (citations omitted). Magistrate Judge Leen's order and the Government's opposition to the motion demonstrate a significant amount of evidence supporting the charges that Torosyan engaged in a lengthy, sophisticated scheme to steal information, create counterfeit devices, and steal. ECF Nos. 24, 30. This factor favors detention.

### D. History and Characteristics of Defendant

Under 18 U.S.C. § 3142(g)(3), courts may consider "the history and characteristics of the person, including his character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug and alcohol abuse, criminal history, [and] record concerning appearance at court proceedings." *Motamedi*, 767 F.2d at 1407.

Torosyan has two prior felony convictions for a similar type of offense of identity theft, and he was on probation at the time of the events charged here. Thus, he has a demonstrated proclivity to engage in acts that are financially dangerous to the community. Moreover, Torosyan was found in possession of a weapon, ammunition, and handcuffs, in violation of conditions of his probation. Torosyan is an Armenian citizen and presumably faces deportation should he be convicted. He faces significant prison time, he has a history of offenses involving identity theft, he has knowledge about and an ability to manufacture counterfeit identity devices, and he possessed a weapon despite being prohibited from doing so. He is a danger to the community and a flight risk. Factor three weighs against his release.

   E.   **Nature and Seriousness of Danger Posed by Defendant's Release**

Torosyan points out that he did not abscond or commit violent acts during the several months between the time the search warrants were executed and his arrest. However, his history of crimes involving identity theft show that he is an economic threat to the community. In addition, although he is not charged with being a felon in possession of a firearm, his possession of a weapon at the time of his arrest, in violation of the law and of his probation, presents a danger to the community.

   F.   **Conclusion.**

I find by clear and convincing evidence that Torosyan is a danger to the community. I also find by a clear preponderance of the evidence that Torosyan is a flight risk. *Motamedi*, 767 F.2d at 1406. There are no conditions or combination of conditions that I could fashion that would reasonably protect the community against the risk of danger posed by Torosyan or assure his appearance at future court proceedings.

Torosyan's objection/appeal **(ECF No. 23) is denied**. Magistrate Judge Leen's order of detention **(ECF No. 24) is affirmed**. Torosyan shall remain detained pending trial

DATED this 21st day of June, 2016.

ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE

3